### In re LAWRENCE.

#### (District Court, N. D. Alabama, S. D. June 15, 1908.)

BANKRUPTCY—ACTIONS AGAINST BANKRUPT—STAY.

> Under Bankr. Act July 1, 1898, c. 541, § 17a (2), 30 Stat. 550 (U. S. Comp. St. 1901, p. 3428), as amended by Act Feb. 5, 1903, c. 487, § 5, 32 Stat. 798 (U. S. Comp. St. Supp. 1907, p. 1026), which excepts liabilities for obtaining property by false pretenses from debts released by a discharge, a bankrupt is not entitled to the stay of an action against him in a state court, where it appears that it is based upon such a liability asserted in good faith.

In Bankruptcy. Petition for review of order of referee on petition to stay suit against bankrupt in state court.

On September 5, 1907, Lawrence filed a petition in bankruptcy, and was duly adjudicated a bankrupt. He scheduled as a creditor the respondent in this proceeding. Thereafter, on November 5, 1907, the respondent, filed a suit in the inferior court of Birmingham, Ala., against the bankrupt, claiming $100 damages for an alleged deceit practiced upon it by the bankrupt in obtaining from respondent $95 in money. The alleged deceit consisted in a statement that his indebtedness at that time did not exceed $50. The plaintiff in the state court waived its action on the contract and sued for the tort. Thereafter in December, 1907, the bankrupt obtained a rule nisi against the plain-

tiff in the state court from Hon. N. L. Steele, referee in bankruptcy, seeking to stay the suit in the state court. Upon the hearing of the rule the respondent set up in its answer that the suit pending in the state court was upon a cause of action which is nondischargeable in bankruptcy. Upon the evidence adduced the referee discharged the rule. The bankrupt thereupon filed a petition for a review of the order made by the referee discharging the rule.

D. D. Trimble, for petitioner.
M. M. Ullman, for respondent.

HUNDLEY, District Judge (after stating the facts as above). This matter is heard upon a certificate of review, taken by the bankrupt from an order made by the referee, permitting the Max J. Winkler Brokerage Company to proceed with the prosecution of a certain suit against the bankrupt in the inferior court of Birmingham. Counsel for the bankrupt cites the case of Tindle v. Birkett, 205 U. S. 183, 27 Sup. Ct. 493, 51 L. Ed. 762, opinion by Chief Justice Fuller of the Supreme Court of the United States, to the effect that, in an action to recover damages arising out of a false and fraudulent representation inducing the sale of merchandise, the defendant's discharge in bankruptcy before an action on such fraud would be a complete defense. That case is not controlling in the case at bar, since it arose under the bankruptcy law (Act July 1, 1898, c. 541, § 17, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428]), before the same was amended in 1903 (Act Feb. 5, 1903, c. 487, § 5, 32 Stat. 798 [U. S. Comp. St. Supp. 1907, p. 1026]). The statute in force at the time that decision was made was as follows:

"Sec. 17. A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * (2) are judgments in actions for frauds, or obtaining property by false pretenses or false representations, or for willful and malicious injuries to the person or the property of another; * * * or (4) were created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity."

The statute, as amended, which must control in the decision of this case, is as follows:

"Sec. 17. Debts Not Affected by a Discharge.—(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * (2) are liabilities for obtaining property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another, or for alimony due or to become due, or for maintenance or support of wife or child, or for seduction of an unmarried female, or for criminal conversation; * * * or (4) were created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity."

Upon comparing the two statutes, it will be noted that the former act excepted from the operation of a discharge "judgments" for fraud or obtaining money by false pretenses or false representations, whereas by the amendment of 1903 it is provided that "liabilities" for obtaining money under false pretenses are excepted from the operation of a discharge. The change in the statute above noted makes the opinion of Mr. Chief Justice Fuller in the case above cited inapplicable in this case.

It appears by the record that the respondent is proceeding against the bankrupt upon a cause of action which, if proven, would be nondischargeable, and, the referee having found from the evidence that the respondent's claim was not merely colorable, I am unwilling to say that he was not justified in reaching that conclusion from the evidence before him. When it is sought to stay a suit pending in the state court, it is the duty of the referee, when the matter is before him and he has jurisdiction, to inquire into the nature of the cause of action pending in the state court, and to satisfy his conscience that the plaintiff in the state court is proceeding upon a claim which, he asserts bona fide is not dischargeable. If the referee comes to the conclusion, from his investigation, that such claim is not merely colorable, but is bona fide, he has no jurisdiction to try the merits of the suit, but must remand the parties to the state court, and permit that court to pass upon the merits of the contention as to whether it is barred by the discharge in bankruptcy.

From what has been said, it follows that the decree of the referee in this cause must be affirmed. So ordered.