FLOYD H. BRADLEY, receiver of the International Wireless Telegraph Company,

*v.*

THE UNITED WIRELESS TELEGRAPH COMPANY.

[Submitted October 23d, 1911. Decided October 27th, 1911.]

1. An adjudication in bankruptcy does not impair the jurisdiction of a state court in a pending suit for the enforcement of a specific lien against assets of the bankrupt, where such lien was acquired more than four months before the filing of the petition in bankruptcy.

2. The filing of a judgment creditor's bill to set aside a fraudulent conveyance, and to subject the property conveyed to the payment of a judgment and the service of process thereunder, create a lien in equity on the equitable estate of the debtor.

3. The lien created by the filing of a judgment creditor's bill to set aside a fraudulent conveyance, and subject the property conveyed to the judgment and by the service of process thereon, is unaffected by the bankruptcy of the debtor more than four months after the entry of the judgment, and the state court will enforce the lien against the property; the trustee in bankruptcy merely administering claims *in personam* and not succeeding to the rights of secured creditors.

4. A receiver of an insolvent corporation appointed by the court of chancery may file a bill as the representative of the corporation to set aside a fraudulent transfer of corporate property, and thereby subject the assets to the payment of the creditors of the corporation, and the suit creates an equitable lien similar to that created by a creditor's bill by a judgment creditor to set aside a fraudulent conveyance.

5. A trustee in bankruptcy takes the property of the bankrupt subject to an equitable lien asserted by a receiver of an insolvent corporation suing the bankrupt to set aside a conveyance by the corporation to the bankrupt as fraudulent to creditors, and the adjudication in bankruptcy does not impair the jurisdiction of the state court to enforce the lien.

---

On petition, &c., to stay proceedings.

The bill in this suit was filed by the receiver of the International Wireless Telegraph Company in behalf of its creditors to set aside a certain conveyance of property made by that company to the American De Forrest Wireless Telegraph Company, and also a conveyance of the same property by the last-named company to the United Wireless Telegraph Company, upon the ground that the conveyance first named was made without consideration and in fraud of the creditors of the first-named company, and that the conveyance secondly named was also made without consideration and with knowledge on the part of the United States Wireless Telegraph Company of the facts stated touching the first conveyance. The bill seeks to enforce against the property thus fraudulently transferred the rights of creditors of the corporation first named. That corporation, at the time of the filing of the bill, had become insolvent, and complainant had been appointed by this court as its receiver in insolvency. The United Wireless Telegraph Company has answered and the case has been set for final hearing in this court.

Pending this suit the United Wireless Telegraph Company has been adjudged a bankrupt by the United States district court for the district of Maine, and trustees in bankruptcy have been

appointed by that court; these trustees now specially appear in this court in this suit and petition this court to stay the pending suit and discontinue further proceedings therein, upon the ground that the trustees in bankruptcy are exclusively entitled to administer the assets of the bankrupt.

*Mr. William S. Darnell,* for the petitioner.

*Messrs. French & Richards, contra.*

LEAMING, V. C.

Whatever doubts may have formerly existed touching the effect of the bankrupt of a defendant pending certain classes of actions in a state court, it is now settled that an adjudication of bankruptcy is not operative to destroy or impair the jurisdiction of a state court in a pending suit for the enforcement of a specific lien against assets of a bankrupt, when such lien has been acquired more than four months before the filing of the petition in bankruptcy. *Pickens* v. *Roy, 187 U. S. 177.*

It is also well settled that the filing of a judgment creditor's bill for the purpose of setting aside a fraudulent conveyance, and thereby subjecting the property to the payment of the judgment of the creditor, and the service of process thereunder, creates a lien in equity upon the equitable estate of the debtor, in the property so conveyed, and that a lien of that nature is unaffected by bankruptcy of the debtor pending the suit and more than four months after the date of the entry of the judgment. The state court appropriately enforces the lien against the *res.* The trustee in bankruptcy administers all claims which are *in personam,* but does not succeed to the rights of secured creditors. *Metcalf* v. *Barker, 187 U. S. 165; Taylor* v. *Taylor, 59 N. J. Eq. (14 Dick.) 86.*

It has also been determined in this state that a receiver of an insolvent corporation appointed by this court may file a bill as the representative of the insolvent corporation to set aside illegal or fraudulent transfers of property of the corporation of which he is receiver, and in that manner subject the assets to the payment of creditors of the insolvent corporation, and that such a

suit is operative to create an equitable lien similar to that created by a creditor's bill filed by a judgment creditor. *Receiver Graham Button Co.* v. *Spielmann, 50 N. J. Eq. (5 Dick.) 120; affirmed, Ibid. 796.*

Under the authorities above cited, and the several cases there reviewed, it is manifest that the adjudication of insolvency of the United Wireless Telegraph Company is not operative to destroy or impair the jurisdiction of this court for the enforcement of the equitable lien asserted by complainant; on the contrary, the trustees in bankruptcy take the property of the bankrupt subject to the equitable lien asserted by the present bill should such lien be established in the suit now pending in this court.

I am obliged to deny the stay sought by the petition filed in behalf of the trustees in bankruptcy.