### In re UNITED WIRELESS TELEGRAPH CO.

(District Court, D. New Jersey. November 28, 1911.)

BANKRUPTCY (§ 391*) — ACTIONS AGAINST BANKRUPT — STAY — "CLAIM FROM WHICH A DISCHARGE WOULD BE A RELEASE."

A suit in a state court by the receiver of an insolvent corporation against another corporation to set aside a conveyance of property then held by the defendant on the ground of fraud is essentially one in rem, and creates an equitable lien on the property, and on the bankruptcy of the defendant does not come within Bankr. Act July 1, 1898, c. 541, § 11a, 30 Stat. 549 (U. S. Comp. St. 1901, p. 3426), which authorizes a court of bankruptcy to stay a pending suit against a bankrupt upon a "claim from which a discharge would be a release," and the court, having no power to compel the complainant in such suit to submit his claim to its jurisdiction, has no power, under Rev. St. § 720 (U. S. Comp. St. 1901, p. 581), to stay the suit.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 637–655; Dec. Dig. § 391.*

For other definitions, see Words and Phrases, vol. 2, pp. 1202–1211; vol. 8, p. 7604.]

In the matter of the United Wireless Telegraph Company, bankrupt. On rule to show cause why a pending suit against the bankrupt, instituted by Floyd H. Bradley, receiver of the International Wireless Telegraph Company, in the Court of Chancery of New Jersey, should not be stayed. Rule discharged.

Saul S. Myers, for petitioner.

French & Richards, for Floyd H. Bradley, Receiver of International Wireless Telegraph Co.

RELLSTAB, District Judge. The petitioners, Seldon Bacon, John H. Hill, and Philip G. Clifford, trustees of the United Wireless Tel-

egraph Company, bankrupt, seek to obtain a stay of the suit pending in the Court of Chancery of the state of New Jersey, instituted by Floyd H. Bradley, receiver of the International Wireless Telegraph Company against said United Company, and a direction that such receiver—

"present his claim to the United States District Court for the District of Maine for determination, or, if the court shall not so direct, that it in lieu thereof stay the said suit in the Court of Chancery of New Jersey, for a reasonable time, to enable your petitioners to appear in said court and answer the said suit and prepare the same for trial and try the same."

Petitioners were appointed trustees of the last-named company by the United States District Court for the District of Maine, on a petition in bankruptcy filed in said court on the 7th day of July, 1911.

Floyd H. Bradley was appointed receiver, by the Court of Chancery of the state of New Jersey, of the International Company, a corporation of that state, against which insolvency proceedings had been instituted in said Court of Chancery. He, as such receiver, on the 14th day of September, 1909, instituted the suit sought to be stayed. The purpose of that suit is to set aside a certain conveyance of property made by the International Company to the American De Forrest Wireless Telegraph Company, and a conveyance of the same property made by the latter to the United Company, upon the ground that the first conveyance was without consideration and in fraud of the creditors of the International Company, and that the conveyance to the United Company was made without consideration and with knowledge on the part of said last-named company of the want of consideration and fraud charged concerning the first conveyance. To this suit the United Company interposed a demurrer, and thereafter, upon its being overruled, its answer. More than four months thereafter the petition in bankruptcy was filed as aforesaid.

The suit in the state court is one within its cognizance, and, having first obtained such jurisdiction, it should be permitted to finally dispose of it, not only because of the spirit of comity that prevails among courts having concurrent jurisdiction, but also because of necessity, as otherwise the administration of justice would be seriously hampered, if not scandalized, unless by the institution of the bankruptcy proceedings the United States District Court obtained exclusive jurisdiction over the subject-matter.

Section 720, Rev. Stat. U. S., provides:

"The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy." 1 U. S. Comp. St. 1901, p. 581.

Section 11 of the bankruptcy act of 1898 (Act July 1, 1898, c. 541, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3426]) provides:

"a—A suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition against him, shall be stayed until after an adjudication or the dismissal of the petition; if such person is adjudged a bankrupt, such action may be further stayed until twelve months after the date of such ad-

judication, or, if within that time such person applies for a discharge, then until the question of such discharge is determined.

"b—The court may order the trustee to enter his appearance and defend any pending suit against the bankrupt."

A suit to enforce a specific lien on property cannot be determined in a summary way such as is usual in the administration of a bankrupt estate. Such a suit is plenary in its character, and possessory in its nature, even though it may eventuate in a money decree, and is not one contemplated by section 11 of the bankruptcy act, which deals with suits in personam and not in rem. In the suit sought to be stayed the receiver contests with the United Company the right to certain property of which the creditors of the company he represents have been deprived by the alleged fraud which he seeks to bring home to the United Company. By the adjudication of insolvency and the appointment of a receiver of the insolvent corporation, the debts of the creditors at large of such corporation are fastened on its property, and the filing of a bill by such receiver in the interest of such creditors, to set aside a conveyance as fraudulent, creates an equitable lien upon the property so conveyed. Graham Button Co. v. Spielmann, 50 N. J. Eq. 120, 24 Atl. 571, affirmed Spielman v. Knowles, 50 N. J. Eq. 796, 27 Atl. 1033; Floyd H. Bradley, Receiver v. United Wireless Tel. Co., 81 Atl. 1107.

The status of the receiver and his rights in such a proceeding are the same as those of a judgment creditor. The assertion of such an equitable lien upon property in the possession of the bankrupt is not a debt owing by the bankrupt. His claim, in essence, is not in personam, but in rem. His suit is directed against the res. If he establishes his claim, he is declared entitled to the property, and he, not the trustee, administers it, and its distribution is among the creditors of the corporation represented by the receiver, and not among the creditors of the bankrupt.

While the United States District Court, upon the filing of the petition in bankruptcy, obtained exclusive jurisdiction over the administration of the bankrupt estate (In re Watts and Sachs, Petitioners, 190 U. S. 1, 23 Sup. Ct. 718, 47 L. Ed. 933), and necessarily drew to itself the determination of all questions incident to such administration, it cannot compel an adverse claimant to submit his claim for its determination, except in certain specific instances, not embracing suits of the character here sought to be stayed. Bankruptcy Act, § 23.

Having no power to compel an adverse claimant to submit such suit to its jurisdiction, it follows that the court cannot restrain it, when brought in a competent jurisdiction more than four months before the institution of the bankruptcy proceedings. Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122; Pickens v. Roy, 187 U. S. 177, 23 Sup. Ct. 78, 47 L. Ed. 128. Having no power to stay such suit, the District Court can give the complainant no such direction as the petitioner here prays.

The rule is discharged, and the petition dismissed.