## In re METZ.

(Circuit Court of Appeals, Second Circuit. April 6, 1925.)

No. 280.

1. Bankruptcy ⟺391(3) — Findings of state court of fraudulent conduct of bankrupt as officer of corporation in transferring funds, accepted by federal court.

Findings of state court, showing that debt arose from fraudulent conduct of bankrupt in transferring funds of corporation as officer within meaning of Bankruptcy Act, § 17 (Comp. St. § 9601), to his individual account, to render corporation insolvent, will be accepted by federal court on application to stay contempt proceedings.

2. Bankruptcy ⟺426(2) — Judgment obtained against corporate officer misappropriating corporate property not dischargeable; "officer."

Judgment obtained by judgment creditor of corporation against officer fraudulently misappropriating its money, for the purpose of making the corporation insolvent and unable to pay such judgment, was not a dischargeable debt, under Bankruptcy Act, § 17 (Comp. St. § 9601), excepting debts created by fraud, embezzlement, misappropriation, or defalcation, while acting as an "officer," as this includes officers of private corporations.

[Ed. Note.—For other definitions, see Words and Phrases, Officer.]

3. Bankruptcy ⟺391(3) — District Court should determine whether debt dischargeable before granting stay against contempt proceeding.

On application to the District Court for the Southern District of New York for stay under Bankruptcy Act, § 11 (Comp. St. § 9595), and Rev. St. U. S. § 720 (now Judicial Code, § 265 [Comp. St. § 1242]), restraining enforcement of contempt order of state court, under Judiciary Law N. Y. § 753, against one adjudged a bankrupt in the district of New Jersey, it was the court's duty to determine whether debt was dischargeable, and to inquire into nature of cause of action and the character of the judgment obtained, and with such knowledge to determine whether stay should be granted, and when debt was not dischargeable it was improvident to grant stay on ground that question whether debt was dischargeable was one for the District Court of New Jersey to determine.

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of Gustave Metz, also known as Gus Hill, bankrupt. Petition of James J. Dealy to revise an order of the District Court for the Southern District of New York, which restrained the enforcement of a contempt order entered against the alleged bankrupt in the New York Supreme Court. Order reversed.

Philip A. Walter, of New York City (David L. Podell, Herman Shulman, Jacob J. Podell, Mortimer Harp, and A. Kane Kaufman, all of New York City, of counsel), for petitioner.

M. Casewell Heine, of New York City (John A. Laird, of Newark, N. J., of counsel), opposed.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. On July 23, 1923, Dealy obtained a judgment in a tort action for personal injuries against a New York corporation known as Gus Hills, Inc. After affirmance, upon appeal to the Appellate Division of the Supreme Court of the state of New York, execution of judgment was returned unsatisfied. After examination in supplementary proceedings to judgment, an action in equity was instituted against the alleged bankrupt for unlawful transfer and appropriation by him of the assets and property of the corporation known as Gus Hills, Inc. A judgment was entered for the plaintiff, which, upon the findings of fact, adjudicated that the bankrupt, while an officer and director of the corporation, caused sums of money to be fraudulently transferred from the account of the corporation to himself, including the amount of the judgment in the tort action, and that this was done for the purpose of making the corporation insolvent and unable to pay its debt to

the petitioner, and that in point of fact the corporation became insolvent by reason of such fraudulent transfer of funds. A receiver was appointed, and the bankrupt was directed to pay the amount of the judgment to such receiver. No appeal was taken from the interlocutory judgment thus entered, and the command of the decree was not complied with. After personal demand and refusal to pay over the money, a motion was made to adjudicate him in contempt of court for such refusal. This motion was granted on November 7, 1923, and he was ordered to pay as a fine the amount of the judgment.

On October 26, 1923, the alleged bankrupt filed a voluntary petition in bankruptcy in the District Court of the United States for the District of New Jersey, praying that he be adjudicated a bankrupt. On November 16, 1923, he applied for a reargument of the contempt order, which was subsequently denied. Thereupon an order was entered on December 15, 1923, adjudging the alleged bankrupt in contempt of court, under section 753 of the state Judiciary Law (Consol. Laws, c. 30), for defeating, impairing, impeding, and prejudicing the rights and remedies of the petitioner and the receiver of the corporation. It is the enforcement of this order which was stayed by the District Court. Below, as here, the first question presented is whether this was a debt which the bankrupt owed under the New York state decree, and, if so, was it dischargeable in bankruptcy? The court below decided that the question of whether it was a debt dischargeable in bankruptcy must be decided by the United States District Court for the District of New Jersey, and for the purpose of keeping the status quo of the parties it restrained the petitioner from proceeding in the state court.

Section 11 of the Bankruptcy Act (Comp. St. § 9595) permits the District Court to stay the state court proceedings, where the suit is founded upon a claim from which discharge in bankruptcy would be a release, and where suit is pending at the time of filing the petition. Such a stay may be granted until after an adjudication or dismissal of the petition. This is the exception contained in section 720 of the Revised Statutes of the United States (1 Comp. St. 1901, p. 581, now Judicial Code, § 265, being Comp. St. § 1242), which provides that a writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state. In re Koronsky, 170 F. 719, 96 C. C. A. 39, this court held, in con-

sidering the effect of the stay granted in an ex parte order in enjoining proceedings for the enforcement of a contempt order of the City Court of the City of New York, that fines are not dischargeable under the Bankruptcy Act, and pointed out that the punishment of an offender for contempt is a vindication of the dignity of the court, and does not lose its character as such because the statute authorizes the court to turn over the amount of the fine, when collected, to some person pecuniarily aggrieved by the offender's misconduct. See, also, In re Spalding v. State of New York, 45 U. S. (4 How.) 21, 11 L. Ed. 858; In re Hall (D. C.) 170 F. 721.

[1, 2] Section 17 of the Bankruptcy Act (Comp. St. § 9601) provides that a discharge in bankruptcy shall release a bankrupt from all his provable debts, except such as were created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in the fiduciary capacity. The findings in the state court in the equity suit conclusively show that the claim arose from the fraudulent conduct of the bankrupt in transferring the funds of the corporation, as an officer thereof, to his individual account, and it is further found that it was done solely for the purpose of rendering the corporation insolvent and unable to pay the petitioner's debt. The findings of fact as to this fraud and its results will be accepted by us. Harper v. Rankin, 141 F. 626, 72 C. C. A. 320; In re Wollock (D. C.) 120 F. 516. Hill was the president, director, and principal stockholder of the corporation, and the transfer of the property, made in a voluntary way, as held in the state court, was made while he was acting in such capacity. The judgment obtained in the creditor's action was not dischargeable in bankruptcy. It was based upon a liability of the bankrupt, created by his fraudulent misappropriation of the property of the corporation, and while he was acting as such officer of the corporation. He was an officer, as provided within section 17, for an officer there referred to includes within its meaning an officer of a private corporation. Harper v. Rankin, supra; In re Gulick (D. C.) 186 F. 350; Bloemecke v. Applegate (C. C. A.) 271 F. 595.

[3] It therefore became the duty of the learned judge below to determine whether or not, under section 11 of the Bankruptcy Act, the debt was dischargeable in bankruptcy, in passing upon the stay sought and obtained. This was not a matter of discretion.

It was his duty to inquire into the nature of the cause of action pending in the state court, the character of the judgment, so as to determine the facts upon which the decree in the state court was based (In re Lawrence [D. C.] 163 F. 131), and, after such knowledge, then to determine whether or not the application of the petitioner for a stay in the proceedings in the state court should be granted. The same duty rests upon an ancillary court in bankruptcy. In re United Wireless Telegraph Co. (D. C.) 192 F. 238. The stay was improvidently granted.

Order reversed.