## In re DE GRAAF.

District Court, W. D. Michigan, S. D. August 4, 1927.

1. **Bankruptcy ☛391(3⅜)—Bankruptcy court will not stay state court proceedings, unless debt on which proceedings are based is dischargeable.**

Proceedings in state court will not be stayed by bankruptcy court, unless the debt on which proceedings are based is a dischargeable debt.

2. **Bankruptcy ☛426(2)—"Officers" of private corporations cannot be released from debts created by fraud, embezzlement, imprisonment, or defalcation (Bankruptcy Act § 17, subd. 4 [11 USCA § 35, subd. 4]).**

The term "officer," as used in Bankruptcy Act, § 17, subd. 4 (11 USCA § 35, subd. 4), excepting release from debts created by fraud, embezzlement, imprisonment, or defalcation while acting as an officer in any fiduciary capacity, is not confined to public officers, but includes officers of private corporations.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Officer.]

3. **Bankruptcy ☛391(3¼)—State court's determination that corporate officer misappropriated cash in his possession when receiver was appointed held binding on bankruptcy court.**

Determination by state court in receivership proceedings that corporate officer had misappropriated cash, which was in his possession at time of appointment of receiver, being a question within its jurisdiction, will be accepted as binding on bankruptcy court, on application for stay of state court proceedings.

4. **Bankruptcy ☛391(3⅜)—Bankruptcy court would not stay state court proceedings requiring bankrupt to turn over cash to receiver, based on finding of misappropriation as corporate officer (Bankruptcy Act, § 17, subd. 4 [11 USCA § 35, subd. 4]).**

Bankruptcy court would not stay proceedings in state court, under order to show cause why bankrupt should not be punished for contempt for failure to comply with order requiring him to turn over a certain sum of money to receiver, based on a finding by such court that bankrupt, as officer of corporation, had misappropriated cash, which was in his possession at time of appointment of receiver; the debt not being dischargeable, because of Bankruptcy Act, § 17, subd. 4 (11 USCA § 35, subd. 4).

In Bankruptcy. In the matter of the bankruptcy of Martin De Graaf. On petition of bankrupt, praying for an order staying certain proceedings in the state court. Petition denied, and restraining order theretofore issued dissolved.

Thos. J. Whinery, of Grand Rapids, Mich., for De Graaf.

J. T. & T. F. McAllister, of Grand Rapids, Mich., for bankrupt.

RAYMOND, District Judge. This matter is before the court upon petition of bankrupt praying that an order may be made herein staying certain proceedings in the state court. It appears that on June 24, 1927, an order was made in receivership proceedings pending in the circuit court for Kent county, Mich., whereby it was directed that "Martin De Graaf, the treasurer of the Wolverine Metal Specialties Company, forthwith turn over to the Michigan Trust Com-

pany, receiver of the said Wolverine Metal Specialties Company, the sum of $2,272.22, the cash of said company which he had on hand at the time of the appointment of the receiver in this cause," and that on the return day of an order directing the said Martin De Graaf to show cause why he should not be punished for contempt for failure to comply with such order a petition in bankruptcy was filed in this court by the said Martin De Graaf. The question presented is whether this court should grant an order staying further proceedings on this order to show cause.

[1] Proceedings in the state court are not stayed, unless the debt upon which the proceedings are based is a dischargeable debt. In re Vadner (D. C.) 259 F. 614; In re Northrup (D. C.) 265 F. 420; In re Arnao (D. C.) 210 F. 395; In re Lawrence (D. C.) 163 F. 131; In re United Wireless Telegraph Co. (D. C.) 192 F. 238.

[2] Section 17 of the Bankruptcy Act (11 USCA § 35) provides that a discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as "(4) were created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity." The term "officer," as used in this subdivision of the Bankruptcy Act, is not confined to public officers, but includes officers of private corporations. See In re Harper (D. C.) 133 F. 970; Bloemecke v. Applegate (C. C. A.) 271 F. 595; In re Gulick (D. C.) 186 F. 350.

[3, 4] No question is raised as to the jurisdiction of the state court to enter the order of June 24, 1927. An examination of the order leaves no doubt that it is based upon the finding by that court that bankrupt had misappropriated cash of the Wolverine Metal Specialties Company which was in his possession at the time of appointment of the receiver. This was a question within the jurisdiction of the state court to determine and its determination must be accepted as binding upon this court.

In the case of In re Metz, 6 F.(2d) 962,

the Circuit Court of Appeals of the Second Circuit reversed the order of the District Court restraining the enforcement of a contempt order entered against the alleged bankrupt in the New York Supreme Court, and in so doing used language clearly applicable to the situation presented in the instant case, as follows:

"Section 17 of the Bankruptcy Act (Comp. St. § 9601 [11 USCA § 35]) provides that a discharge in bankruptcy shall release a bankrupt from all his provable debts, except such as were created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in the fiduciary capacity. The findings in the state court in the equity suit conclusively show that the claim arose from the fraudulent conduct of the bankrupt in transferring the funds of the corporation, as an officer thereof, to his individual account, and it is further found that it was done solely for the purpose of rendering the corporation insolvent and unable to pay the petitioner's debt. The findings of fact as to this fraud and its results will be accepted by us. Harper v. Rankin, 141 F. 626, 72 C. C. A. 320; In re Wollock (D. C.) 120 F. 516. Hill was the president, director, and principal stockholder of the corporation, and the transfer of the property, made in a voluntary way, as held in the state court, was made while he was acting in such capacity. The judgment obtained in the creditor's action was not dischargeable in bankruptcy. It was based upon a liability of the bankrupt, created by his fraudulent misappropriation of the property of the corporation, and while he was acting as such officer of the corporation. He was an officer, as provided within section 17, for an officer there referred to includes within its meaning an officer of a private corporation. Harper v. Rankin, supra; In re Gulick (D. C.) 186 F. 350; Bloemecke v. Applegate (C. C. A.) 271 F. 595."

An order will be entered, denying the petition for stay of proceedings in the state court, and dissolving the restraining order heretofore issued.