### PERSONAL FINANCE CO. OF COLORADO v. MARTINEZ.
### No. 2089.

Circuit Court of Appeals, Tenth Circuit.

Oct. 21, 1940.

Rehearing Denied Nov. 18, 1940.

---

[1] See Beutel, Negotiability by Contract (1933), 28 Ill.L.Rev. 205, 215.

Wm. Hedges Robinson, Jr., of Denver, Colo. (Sydney E. Shuteran, of Denver, Colo., on the brief), for appellant.

Stevens Park Kinney, of Denver, Colo., for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

On April 5, 1939, Alexander Martinez borrowed $110 from the Personal Finance Company of Colorado.[1] In his written application for the loan, Martinez made certain representations to the Finance Company respecting his financial status and his ability to repay the loan. On May 17, 1939, Martinez filed a voluntary petition in bankruptcy and on the same day was adjudicated a bankrupt.

On October 18, 1939, the Finance Company commenced an action in the district court of the city and county of Denver, state of Colorado, seeking to recover damages from Martinez on account of alleged false pretenses and representations made by Martinez in his application for the loan.

In its verified complaint, the Finance Company alleged that on April 5, 1939, Martinez, for the purpose of inducing the Finance Company to loan him the sum of $110, represented to the agents and employees of the Finance Company that he was in sound financial condition; that he was steadily employed at a salary of $95 per month; that he received additional income of $20 per month from roomers; that he was employed as an assistant chef; that he was not indebted as maker, endorser, or guarantor of a note; that he owed no current debts; that he was not indebted to merchants or his landlord, or otherwise, for money borrowed; that he owed no outstanding indebtedness and was not obligated for any financial liabilities on that date, and that he owned household furniture, the market value of which was $350; that the Finance Company believed and relied upon such representations and was thereby induced to loan and did loan to Martinez the sum of $110; that such representations were false in that Martinez' salary did not exceed $55 per month; that he was receiving no income whatever from roomers; that he was then employed as a bus boy or dishwasher and not as an assistant chef; that he was the maker on six loans aggregating in excess of $300; that he was endorser or guarantor on a note executed by Henry Quintana to the Sun Loan Company of Denver, Colorado; that he owed current debts to merchants and his landlord aggregating in excess of $425, and that he owed rent in the sum of $30 which was past due; that the market value of his household furniture did not exceed $50; and that by reason of such false representations the Finance Company was damaged in the sum of $150.

On October 18, 1939, the referee entered an order enjoining and restraining the Finance Company from further prosecution of the suit in the state court until the further order of the court. On October 21, 1939, the Finance Company filed its application to vacate and set aside the restraining order and attached thereto a copy of its verified complaint in the state court. On October 23, 1939, the Finance Company appeared before the referee and introduced evidence establishing the allegations of its complaint in the state court. The referee entered an order denying the application and continuing the restraining order in force. On petition to review the trial judge affirmed the action of the referee.

Sec. 17 of the Chandler Act, 11 U.S.C.A. § 35, in part provides: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, * * * except such as * * * (2) are liabilities for obtaining money or property by false pretenses or false representations, * * *."

It follows that a discharge in bankruptcy would not release Martinez from the claim asserted in the state court.[2]

---

[1] Hereinafter referred to as the Finance Company.

[2] See Family Small Loan Co. of Richmond v. Mason, 4 Cir., 67 F.2d 207.

The evidence before the referee established that the Finance Company acted in good faith when it commenced the state court action and the referee did not find otherwise. Since the claim asserted in the state court was prosecuted in good faith, and was one from which the bankrupt would not be released by a discharge in bankruptcy, it was error to enjoin the prosecution of the state court action. [3]

Reversed and remanded with instructions to dissolve the temporary injunction.

---

[3] Family Small Loan Co. of Richmond v. Mason, 4 Cir., 67 F.2d 207; Harper v. Rankin, 4 Cir., 141 F. 626; In re De Graaf, D.C.Mich., 22 F.2d 163; In re Dowie, D.C.N.Y., 202 F. 816.