**In re MacGINNIS.**

**No. 34699–S.**

District Court, N. D. California, S. D.

Oct. 8, 1942.

**414**

Arthur P. Shapro, of San Francisco, Cal., for Francis George MacGinnis, bankrupt.

Herman Weinberger, of San Francisco, Cal., for Bernice MacGinnis.

ST. SURE, District Judge.

Application to enjoin Bernice MacGinnis, her agents, etc., from taking further proceedings in an action brought by her in the State court against her former husband, Francis George MacGinnis. The action was filed on January 14, 1942, and is upon a promissory note in the sum of $3,500. In the complaint it is alleged that "said note evidences the obligation of the defendant to pay plaintiff alimony for her maintenance and support under the terms of a property settlement agreement made between plaintiff and defendant, executed while they were married." This allegation is not denied.

On February 10th Mr. MacGinnis filed in this Court a petition in bankruptcy and was adjudicated a bankrupt. He listed among his debts the $3,500 note which is the subject of the State action. On February 13th he sought and obtained unopposed an order restraining further proceedings in the State court until the question of his discharge in bankruptcy was determined. On June 9th the Referee entered an order discharging the bankrupt. On July 8th the Referee dissolved the temporary restraining order. On July 10th counsel for Bernice MacGinnis and counsel for bankrupt stipulated that the latter might have until July 25th to plead to the complaint in the State action.

No review is taken from the order made by the Referee granting the discharge or dissolving the order temporarily restraining proceedings in the action in the State court. Instead, on July 17th, a petition was filed here by the bankrupt "for injunction to enforce discharge."

The action in the State court was based upon a promissory note alleged to have been given for the payment of alimony and maintenance. Section 17 of the Bankruptcy Act, 11 U.S.C.A. § 35, provides that a discharge in bankruptcy shall release a bankrupt from all of his provable debts except such as "for alimony due or to become due, or for maintenance or support of wife or child." Evidently the Referee thought that the claim upon which the action in the State court is based was bona fide, and that the controversy between the parties should be settled by a trial upon the merits in that

court. I am in accord with such a conclusion. In re Lawrence, D.C., 163 F. 131. The application is therefore denied.

It is so ordered.