## Case No. 12,054.

### In re ROSENBERG.

[3 Ben. 14;[1] 2 N. B. R. 236 (Quarto, 81); 1 Chi. Leg. News, 103.]

District Court, S. D. New York. Nov. 23, 1868.

BANKRUPTCY — ARREST OF BANKRUPT—STAY OF PROCEEDINGS—PROVABLE DEBT.

1. Where, after a bankrupt had filed his petition in bankruptcy, he was arrested under an order of a state court, and, while under arrest, obtained from the bankruptcy court an order staying proceedings in the action in which he was arrested, and the creditors, not having proved their debt in the bankruptcy proceedings, moved to set aside the stay: *Held*, that their debt, being for merchandise sold at an agreed price, was provable under the 19th section of the bankruptcy act [of 1867 (14 Stat. 525)], and was made by the 33d section none the less so, because it might, under that section, be a debt which could not be discharged.

2. No consequences can be allowed, under the 21st section, to flow from proving a debt, which are inconsistent with the provisions of the 33d section. Therefore, so much of the 21st section as imposes a penalty for proving a debt, cannot be construed as applying to a debt which, by the 33d section, is not dischargeable.

[Cited in Re Migel, Case No. 9,538; Re Ghirardelli, Id. 5,376; New Lamp Chimney Co. v. Ansonia Brass & Copper Co., 91 U. S. 663.]

[Cited in Ansonia Brass & Copper Co. v. New Lamp Chimney Co., 53 N. Y. 127; Brandon Manuf'g Co. v. Frazer, 47 Vt. 92.]

3. Under the 21st section, any action to recover a provable debt is to be stayed until a determination is had as to the discharge, whether the debt be one that will or will not be discharged. Seymour's Case [Case No. 12,684] criticised and overruled.

[Cited in Samson v. Burton, Case No. 12,285; Re Duncan, Id. 4,131; Re Alsberg, Id. 261; Re Schwartz, Id. 12,502; Re Pitts, Id. 11,190; Re Cohen, Id. 2,961; Re Van Buren, Id. 16,833; Re Herzberg, 25 Fed. 699.]

[Cited in Pattison v. Wilbur, 10 R. I. 451; Poillon v. Lawrence, 77 N. Y. 215; Ray v. Wight, 119 Mass. 428.]

[In the matter of Myron Rosenberg, a bankrupt.]

Beach & Beman, for creditors.
Benedict & Boardman, for bankrupt.

BLATCHFORD, District Judge. The bankrupt filed his petition in this case, as a voluntary bankrupt, on the 21st of May, 1868. At that time he was indebted to Zinn, Aldrich & Co., of New York, in the sum of $1,081.77, for merchandise sold by them to him. On the 22d of May, 1868, Zinn, Aldrich & Co. commenced an action against him in the superior court of the city of New York, to recover that debt. The complaint in that action sets forth the sale and delivery of the merchandise to the above amount, and the non-payment of the debt, and claims judgment for the amount. It sets forth nothing else. On affidavits showing that the debt was fraudulently contracted, the su-

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

perior court, on the 23d of May, 1868, granted an order in the action that the bankrupt be arrested therein, and be held to bail in the sum of $2,000. The bankrupt was arrested on the order, and gave the bail. He has not moved the state court to set aside or discharge the order of arrest. The action being still pending, the bankrupt, on the 10th of June, 1868, presented a petition to this court, setting forth the pendency of the action, that he had been arrested and held to bail on an untrue statement of facts, that the claim made in the action was a debt justly due by him, and was set forth in the schedule to his petition, and was provable under the bankruptcy act, and that his discharge in bankruptcy would discharge the debt, and praying for an order staying all proceedings in the action on the part of the plaintiffs therein, except the perfecting of bail, until the question of his discharge in bankruptcy should be determined by this court. Such an order was made on the same day by this court. The plaintiffs in the action now move for an order setting aside and vacating the stay of proceedings. This motion is founded on an affidavit setting forth that the debt in question was contracted by the fraud of the bankrupt, and on copies of the affidavits on which the order of arrest was granted, and which state particularly the circumstances of the fraud. The bankrupt opposes the application, and introduces his own affidavit, denying the fraud and the allegations in regard thereto, contained in the affidavits on which the order of arrest was made. It does not appear that the debt has been proved in the bankruptcy proceedings. It is beyond doubt a provable debt under section 19, being for merchandise sold for an agreed price, and it is made by section 33 none the less provable, because it may, under that section, be a debt which cannot be discharged.

The stay in question was granted under section 21 of the act. That section provides as follows: "No creditor proving his debt or claim shall be allowed to maintain any suit at law or in equity therefor against the bankrupt, but shall be deemed to have waived all right of action and suit against the bankrupt; and all proceedings already commenced, and unsatisfied judgments already obtained thereon, shall be deemed to be discharged and surrendered thereby; and no creditor whose debt is provable under this act shall be allowed to prosecute to final judgment any suit at law or in equity therefor against the bankrupt until the question of the debtor's discharge shall have been determined; and any such suit or proceedings shall, upon the application of the bankrupt, be stayed to await the determination of the court in bankruptcy on the question of the discharge, provided there be no unreasonable delay on the part of the bankrupt in endeavoring to obtain his discharge; and provided also, that if the amount due the creditor is in dispute, the suit, by leave of the court in bankruptcy, may proceed to judgment, for the purpose of ascertaining the amount due, which amount may be proved in bankruptcy, but execution shall be stayed as aforesaid." The ground on which it is urged that the stay of proceedings should be set aside is, that the provision of the 21st section for a stay of provable debts relates only to such debts as are dischargeable, and does not apply to such debts as are declared by section 33 to be not dischargeable.

It is difficult to give an entirely satisfactory construction to the provisions of the 21st section. We have, first, the case of a creditor who proves his debt. The penalty imposed upon him for proving his debt, is, that he is debarred from maintaining any suit therefor against the bankrupt. He is debarred from doing so not merely until the question of the bankrupt's discharge shall have been determined, but forever. He is declared to have waived all right of action against the bankrupt, and to have discharged and surrendered, by proving his debt, all proceedings already commenced and all unsatisfied judgments already obtained thereon. This provision in regard to debts proved must be construed in connection with the clause of section 33 which declares that "no debt created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary capacity, shall be discharged under this act, but the debt may be proved, and the dividend thereon shall be a payment on account of said debt." No consequences can be allowed, under section 21, to flow from proving a debt, which are inconsistent with the provisions of section 33. Therefore, so much of section 21 as imposes a penalty for proving a debt, cannot be construed as applying to a debt which, by section 33, is not dischargeable. We have next, in section 21, the case of a creditor whose debt is provable. This includes provable debts which are proved as well as provable debts which are not proved, and, therefore, includes debts which are embraced in the preceding provision in regard to penalties for proving debts. Now the creditor in a provable debt, whether it is proved or not proved, is not to be allowed to prosecute to final judgment any suit therefor against the bankrupt, until the question of his discharge has been determined. If the debt is provable, but not proved, the only penalty on the creditor for being a creditor is, that his right of action is to be suspended until the bankruptcy court has decided as to the debtor's discharge. If the debt is proved, then to that penalty is added the further penalty of a waiver of all right of action forever against the bankrupt, and a discharge and surrender of all pending proceedings and unsatisfied judgments, provided the debt is a dischargeable debt. The provisions of section 21, thus far considered, are addressed quite as much to the courts of the states as to the bankruptcy

tribunals, and are to be applied and enforced by the former quite as much as by the latter. The section then goes on to provide that "any such suit or proceedings," that is, any suit or proceedings to recover a provable debt, whether proved or not proved, and, if proved, whether dischargeable or not, "shall, upon the application of the bankrupt, be stayed, to await the determination of the court in bankruptcy on the question of discharge, provided, &c." This provision is especially addressed to the bankruptcy court, and the stay provided for is to be, and is, in practice, granted by that court. The manifest object of the provision is to relieve the bankrupt, while he is proceeding in good faith to obtain his discharge, and until the question of his discharge is determined, and he either obtains it or is refused it, from being harassed by suits for the recovery of provable debts. If the amount of a debt is in dispute, the suit may proceed so as to put the debt in a condition of provability, and then it must stop. If a discharge is granted, then the bankrupt is able to plead the discharge in any suit that may have been stayed, and the stay ceases. When the discharge is pleaded, the question of the extent of its operation upon the debts of the bankrupt, and whether a particular debt is, or is not, discharged by it, comes up for determination by the court in which the suit is pending in which it is pleaded. If a suit be then brought for a debt which has been proved in the bankruptcy proceeding, and the discharge is pleaded, and it is shown, in reply, that the debt is within the exceptions in section 33, it is for the court in which the suit is brought, to decide whether, under section 21 of the act, the proving of the debt deprives the creditor of the benefit of section 33. So, too, if a discharge is refused, the stay ceases, its object having been accomplished, and the bankrupt having had the opportunity, unharassed by suits, to endeavor to obtain his discharge. What would be the effect, under section 21, of proving a debt, where a discharge is refused to the bankrupt, is a question that does not arise for consideration in this case. I only allude to it, as connected with the embarrassment that is felt in arriving at any perfectly satisfactory construction of all parts of the 21st section. I am satisfied, however, that the good sense of the section is, that an action to recover a provable debt is to be stayed until a determination is had as to the discharge, whether the debt be one that will be discharged, or one that will not be discharged. I have heretofore taken a different view of this section,—Seymour's Case [Case No. 12,684],—and have, in some cases, instituted an inquiry into the dischargeability of a debt, with a view to staying a suit brought to recover it, if it were found by this court to be dischargeable, and to refuse such stay, if the debt were found to be not dischargeable. But, on fuller consideration, I think that the section cannot properly bear any other construction than the

one I now give to it. The stay is a temporary thing. The discharge is the permanent thing. The object of the stay is to give time for putting into action the permanent bar to the debt. There is reason in staying suits for all debts which can be proved in bankruptcy, so that, when the suits proceed again, the bankrupt may, if he can obtain a discharge, have the additional defence it will furnish him. But there is no good reason why the bankruptcy court should enter, in advance of a discharge, upon the inquiry as to whether the discharge will, when pleaded in bar of a particular debt, operate to discharge that debt. That inquiry is one properly to be made only by the court in which a direct suit on the debt is pending, and whose determination will be a binding judgment on the question between the parties. Such an inquiry, by this court, made with a view to see whether it shall or shall not stay a suit, will not have the effect of making its determination res adjudicata between the parties, so as to preclude further inquiry by another court. Another controlling view suggests itself. A discharge may not be granted. There will then have been an expensive and profitless inquiry as to the probable effect of a possible discharge. No such proceeding was intended by the statute.

I think it proper to say that this construction of the 21st section has no application to the last clause of the 26th section, in regard to the liability of a bankrupt to arrest. By the specific provision of that clause, the bankrupt is entitled to be relieved from arrest if the arrest is founded on a debt from which his discharge, if granted, would release him, and this court is required, so long as the question of a discharge is undetermined, to inquire whether the arrest is founded on such a debt.

As the debt in this case is a provable debt, the stay of proceedings was proper, and the motion to vacate the stay is denied.