### *In re* HERZBERG, Bankrupt.

*(District Court, S. D. New York. November 24, 1885.)*

BANKRUPTCY—INJUNCTION—DISCHARGE—SECTION 5106.

An injunction is authorized by section 5106, to await the determination of the question of the bankrupt's discharge only. After the discharge has been granted, the bankrupt's relief against the further prosecution of suits in the state courts must be obtained in those courts only, where the effect of the discharge must be determined. *Held, therefore,* that an injunction obtained *ex parte* in the bankruptcy court, after the discharge had been granted, continuing the previous injunction, was improvidently granted, and should be vacated.

In Bankruptcy.

*N. L. Hahn,* for bankrupt.

*Van Loon & Capron,* for creditors.

BROWN, J. The bankrupt in this case procured from this court an injunction staying the proceedings against him in the state court until the determination of the question of his discharge. His discharge was obtained on the twenty-fifth of June, 1885. On the following day he obtained from this court *ex parte* a further injunction perpetually staying the prosecution of the action in the state court. A motion is now made to vacate the last-named order as improvidently granted. Section 5106 of the Revised Statutes authorizes the court in bankruptcy to stay prosecution of suits against the bankrupt "to await the determination of the court in bankruptcy on the question of his discharge." In the *Case of Rosenberg,* 3 Ben. 14, 18, BLATCHFORD, J., says:

"The manifest object of the provision is to relieve the bankrupt, while he is proceeding in good faith to obtain his discharge, and until the question.

of his discharge is determined, and he either obtains it or is refused it, from being harassed by suits for the recovery of provable debts. If the amount of a debt is in dispute, the suit may proceed so as to put the debt in a condition of provability, and then it must stop. If a discharge is granted, then the bankrupt is able to plead the discharge in any suit that may have been stayed, and the stay ceases."

The same learned judge, in the *Case of Wright*, 2 Ben. 509, says:

"The question whether the discharge affects the debt in question can only arise and be determined between the parties in a suit prosecuted to collect the debt, in which the discharge, after it shall have been granted, shall be pleaded or set up as a bar to a recovery."

It would be manifestly improper, therefore, for this court, after the bankrupt's discharge had been granted, to undertake to determine its final effect upon the creditor's claim in the state court. The bankrupt is justly entitled to a fair opportunity to present the question in the state court, and have it litigated there. It cannot be doubted that, upon proper application in that court, such an opportunity will be granted, unless the debtor has in some way forfeited his right thereto. In any event, it is not a matter for further adjudication or injunction in this court, after the order granting the discharge. The motion to vacate must therefore be granted.