29 C.C.P.A. (Patents)

### McKESSON & ROBBINS, Inc., v. LEONARD JAMES CO.

**Patent Appeal No. 4624.**

Court of Customs and Patent Appeals.
June 15, 1942.

Rehearing Denied July 3, 1942.

Samuel Herrick, of Washington, D. C., for appellant.

James Atkins, of Washington, D. C. (Armand A. Cyr, of Washington, D. C., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This is a trade-mark cancellation proceeding wherein appellant brings before us for review a decision of the Commissioner of Patents, affirming a decision of the Examiner of Interferences, sustaining the petition of appellee, filed October 14, 1938, for cancellation of trade-mark registration No. 357,713, issued to McKesson & Robbins, Inc., on June 14, 1938, under the provisions of the Trade-mark Act of February 20, 1905.

Appellant's registered mark is the notation "Brace" for tooth paste, hair and scalp preparations, powders and talcs for the face and skin, lotions for the skin and face, sunburn lotions and preparations, including antiseptic oils for sunburn.

Appellee's mark "Bracine" was registered on March 27, 1934, registration No. 311,576, for an "Antiseptic Liniment and Veterinary Liniment Preparation."

Appellee's petition for cancellation alleged that it had used its mark "Bracine" since 1933 for an antiseptic liniment for external application to the human body; that the goods to which the respective marks of the parties are applied are of the same descriptive properties; that appellee's use of its mark antedated any use by appellant of its mark; that appellant's use of its said mark on its medicinal and pharmaceutical preparations will bring about confusion in trade, deceive the purchasing public, and result in damage to appellee.

McKesson & Robbins, Inc., in its answer denied that the goods to which the respective marks are applied are of the same descriptive properties, and denied that the marks are confusingly similar. The answer was signed by Samuel Herrick, attorney for McKesson & Robbins, Inc. On January 18, 1939, there was filed with the Commissioner of Patents a letter the pertinent part of which reads as follows:

"Hon. Commissioner of Patents:
"Sir:
"In Cancellation No. 3448, Leonard James Company v. McKesson & Robbins, Inc., I file herewith a certified copy of the Order of the U. S. District Court for the Southern District of New York dated September 8, 1938 in the proceeding for the reorganization of McKesson & Robbins, Inc., Debtor, under the Bankruptcy Act, 11 U.S.C.A. § 1 et seq.

"Section 12 of this order restrains and enjoins 'all persons, firms, associations and corporations from continuing or prosecuting any act at law or suit or proceedings in equity or any other proceeding against said McKesson & Robbins, or from interfering in any way with any property, assets or effects' of said Debtor and ends as follows: 'all suits against McKesson & Robbins, Inc., are hereby stayed until after final decree herein'.

"Accordingly, I respectfully move that this proceeding, involving as it does part of the property and assets of said Debtor, be stayed until after a final decree in the said U. S. District Court."

This letter was signed by Samuel Herrick as attorney for William J. Wardall, Trustee for the Estate of McKesson & Robbins, Inc., Debtor.

The certified copy of the order of the United States District Court for the Southern District of New York, referred to in the letter, was also filed and appears in the record.

On January 23, 1939, the Examiner of Interferences granted the motion above referred to, to the extent that the taking of testimony in the case was suspended until March 6, 1939, subject to the right of either party, upon ten days' notice to the other, to call up his case and request that the times for taking testimony be reset.

On March 4, 1939, appellee requested that proceedings be resumed and that times for taking testimony and for final hearing be reset, appellee stating that it was not believed that said order of the United States District Court for the Southern District of New York was binding upon the Patent Office or on the petitioner.

On March 7, 1939, there was filed with the Commissioner of Patents the following letter:

"Hon. Commissioner of Patents:
"Sir:
"In Cancellation No. 3448, Leonard James Company v. McKesson & Robbins, Inc., I have just been served with a request by Petitioner that the times for taking testimony and for final hearing be

re-set. I respectfully oppose this on the ground that the decree of the United States District Court of the Southern District of New York clearly contemplated a stay of proceedings in just such an action or suit as this; aimed, as it is, at interference with, and damage to, some of the assets of the Trustee for the bankrupt defendant here.

"The bankruptcy proceedings are still pending and the Trustee would be seriously embarrassed by having to employ an attorney in Texas for the purpose of representing him at the taking of testimony there.

"I file herewith a certified copy of the later order of the United States District Court appointing Mr. Wardall as sole Trustee and move that he be substituted as party defendant in this Cancellation case; also, pray that the request for setting of times for testimony be denied.

"Very respectfully,

"Samuel Herrick,

"Attorney for William J. Wardall, Trustee of the Estate of McKesson & Robbins, Inc., Debtor.

"Washington, D. C., March 6, 1939."

The certified copy of the order of the United States District Court referred to was also filed.

The Examiner of Interferences, on March 12, 1940, issued the following letter:

"The several communications filed by the parties following office action dated March 1, 1940 are noted by the examiner.

"Upon review of the record in this case the examiner cannot see his way clear to further suspend proceedings herein. It fails to appear that the bankruptcy proceeding in which respondent is involved will be terminated at any time in the near future or that it may not be continued over a long period. Judicial notice is taken of the fact that respondent's trustee in bankruptcy has contested a number of trademark proceedings in this Office, and no good and sufficient reason is perceived as to why such trustee should not seek to intervene in this case if he desires to defend the right of registration evidenced by the registration in question.

"Accordingly proceedings are resumed and the times for taking testimony and for final hearing are reset as follows:

"Testimony-in-chief of Leonard James Company to close April 12, 1940.

"Testimony of McKesson & Robbins, Incorporated to close May 13, 1940.

"Rebuttal testimony of Leonard James Company to close May 28, 1940.

"Final hearing October 1, 1940, at 11 a. m."

On March 20, 1940, the attorney for appellant filed an exception to said order fixing the time for taking testimony and setting a date for final hearing.

On April 4, 1940, appellee took testimony at San Saba, Texas, in support of its petition.

Appellant took no testimony.

On October 17, 1940, the Examiner of Interferences rendered his decision on final hearing, stating in part as follows:

"The only question here contested is that of likelihood of confusion in trade.

"The mark used by the respondent is the notation 'Brace' and that used by the petitioner is 'Bracine.' The goods of the parties possess properties which are specifically different but both are in the nature of a skin tonic for use externally. It seems to the examiner that the resemblances in the marks and the characteristics of the goods predominate. It is therefore held that confusion in trade would be reasonably likely. Any reasonable doubt thereon must be resolved in favor of the prior user which is here the petitioner.

"The application for cancellation is therefore sustained and it is recommended that Registration No. 357,713, involved herein, be cancelled."

Appeal was taken to the commissioner by the trustee for McKesson & Robbins, Inc. In his decision the commissioner stated:

"This is an appeal by William J. Wardall, Trustee of the Estate of McKesson & Robbins, Incorporated, Debtor, from the decision of the examiner of interferences sustaining the petition of Leonard James Company to cancel trade-mark registration No. 357,713, issued June 14, 1938, under the provisions of the Act of February 20, 1905, to McKesson & Robbins, Incorporated.

"Shortly after the institution of this proceeding McKesson & Robbins, Incorporated, filed a petition in the United States District Court for the Southern District of New York, under Chapter X of the Bankruptcy Act, and Mr. Wardall was appointed trustee of the bankrupt estate.

A motion was duly made that the trustee be substituted as party respondent herein, which motion appears to have been overlooked by the examiner. The motion is now hereby granted, and William J. Wardall, as trustee aforesaid, is substituted for McKesson & Robbins, Incorporated, as party respondent."

In the appeal to the commissioner appellant assigned error in resuming proceedings in the case against the protest of appellant in alleged violation of said court order.

The commissioner in his decision declined to pass upon this assignment of error, stating: "I find it unnecessary to pass upon the question thus presented, because I do not think it is properly before me. It is my opinion that respondent's remedy, if he desired a review of the examiner's action in that regard, was to petition the Commissioner immediately after the action was taken, rather than to wait as he did until the case had been heard and decided. The point does not go to the merits of the controversy, and is not even mentioned in the examiner's decision. At this stage of the proceeding I must decline to consider it."

Upon the merits of the case the commissioner stated:

"It appears from the evidence that petitioner's products to which its mark is applied are of two types; one for human use, and the other for the treatment of animals. These are sold as 'Bracine Junior' and 'Bracine Senior,' respectively. Respondent thus argues that in determining the question of confusing similarity, respondent's mark should be compared with those notations rather than with the single word 'Bracine.' The latter word, however, is petitioner's trade-mark as registered; and the words 'Junior' and 'Senior', as used on petitioner's labels, are obviously grade marks. In any event I am clearly of the opinion that the marks of the parties are too nearly similar to be used concurrently on merchandise of the same descriptive properties without a reasonable likelihood of confusion.

"Nor do I entertain any doubt that the goods to which these marks are respectively applied, in part at least, possess the same descriptive properties within the meaning of the statute. Clearly this is true, for example, as to respondent's 'antiseptic oils for sunburn' and petitioner's 'antiseptic liniment' for human use. And the fact that respondent's registration may include addi-

tional items, of different descriptive properties, has no bearing on the issue here presented.

"The decision of the examiner of interferences is affirmed."

From this decision of the commissioner this appeal was taken.

Appellant's first and second reasons of appeal read as follows:

"I. Error in sustaining the action of the examiner of interferences in resuming proceedings after appointment of the trustee in bankruptcy, in direct violation of the order of the United States District Court for the Southern District of New York, and over the objections of the respondent.

"II. Error in holding that this question was not properly before the First Assistant Commissioner, and in declining to consider it, notwithstanding exceptions timely taken to the order of the examiner of interferences resuming the proceedings."

We will first consider the question of the effect upon this proceeding of said order of the United States District Court for the Southern District of New York. While the commissioner declined to pass upon this question for the reason stated by him in his decision, we prefer to assume that the matter was properly before him and to consider this question upon its merits.

The question of the application of such order to this proceeding was not argued in the original briefs of counsel, and at our request additional briefs by each of the parties upon this point have been filed.

It appears from appellant's supplemental brief that it is contended that said order of the United States District Court was authorized by the provision of the U. S. Code, Title 11, Chapter 3, section 29, 11 U.S.C.A. § 29, reading as follows: "a. A suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition by or against him, shall be stayed until an adjudication or the dismissal of the petition; if such person is adjudged a bankrupt, such action may be further stayed until the question of his discharge is determined by the court after a hearing, or by the bankrupt's filing a waiver of, or having lost, his right to a discharge, or, in the case of a corporation, by its failure to file an application for a discharge within the time prescribed under this title: Provided, That such stay shall be vacated by the court if, within six years

prior to the date of the filing of the petition in bankruptcy, such person has been adjudicated a bankrupt, or has been granted a discharge, or has had a composition confirmed, or has had an arrangement by way of composition confirmed, or has had a wage earner's plan by way of composition confirmed."

The next subparagraph of said section 29 reads as follows: "(b) The court may order the trustee to enter his appearance and defend any pending suit against the bankrupt."

A mere reading of the first provision above quoted discloses that it does not apply to a proceeding for the cancellation of a trade-mark. It is only where a discharge in bankruptcy would be a release from the claim sued upon that a stay is authorized.

There are a multitude of cases holding that the court, under said section 29 relied upon by appellant, has no authority to stay an action pending against the bankrupt which is founded upon a claim from which a discharge in bankruptcy would not be a release. These cases are cited in note 23 to said section 29, Title 11 U.S.C.A.

It is too plain for argument that the discharge of McKesson & Robbins in the bankruptcy proceedings would have no effect whatever upon the disposition to be made of the cancellation proceeding before us.

Moreover, a trade-mark cancellation proceeding before the Patent Office is not a suit within the meaning of said section 29. The authorities are uniform that in legal contemplation a suit is a proceeding brought in a court of justice. Kohl et al. v. United States, 91 U.S. 367, 375, 23 L.Ed. 449.

This observation is equally applicable with respect to the terms of section 116(4) of the act approved June 22, 1938, 52 Stat. 885, 11 U.S.C., sec. 516(4), 11 U.S.C.A. § 516(4).

It is clear from the foregoing that the United States District Court for the Southern District of New York had no power to order a stay of proceedings in this case, and that the order of said court had no legal application to the cancellation proceeding before the Patent Office. Therefore appellant's first and second reasons of appeal are without merit.

We next come to a consideration of the merits of the case before us.

Appellant insists that, while appellee's registered mark is "Bracine," it actually used two trade-marks, one "Bracine Senior" applied to a liniment for veterinary use, and the other "Bracine Junior" applied to a liniment for human use. Appellant's fifth reason of appeal states: "V. Error in not finding from the evidence, and in not holding, that the petitioner never used his trade-mark without the word 'Junior' or the word 'Senior', so as to distinguish beyween his product for use on human beings, and his product for use on animals; hence those words must be considered as part of his mark in deciding the question of confusing similarity."

It is true that, according to the labels submitted by appellee, the notations "Junior" and "Senior" appear as a part of the trade-mark. However, in our view it is immaterial in determining the question of confusing similarity of the marks of the parties whether the notations "Junior" and "Senior" be considered as a part of appellee's trade-mark.

The first question to be determined upon this branch of the case is whether the goods to which the marks of the parties are applied possess the same descriptive properties. Upon this question we are in agreement with the view of the commissioner that, in part at least, the goods named in appellant's registration are of the same descriptive properties as those to which appellee's mark is applied. That "antiseptic oils for sunburn," for example, one of the products named in appellant's certificate of registration, are of the same descriptive properties as a liniment for human use, is so clear that further discussion upon this point is unnecessary.

With respect to the question of whether the mark "Bracine" or "Bracine Junior," applied to a liniment for human use, is confusingly similar to the mark "Brace" when the latter is used on at least some of the products named in appellant's registration, we are of the opinion that the concurrent use of such marks would be likely to cause confusion in trade as to the origin of the goods and to deceive purchasers.

Inasmuch as appellee is shown to have been the prior user of its mark, its petition for cancellation of appellant's mark was properly sustained.

We will briefly discuss another contention of appellant which is raised by his eighth reason of appeal, which reads as

follows: "VIII. Error in not ruling that the trustee in bankruptcy was handicapped in defending against this petition for cancellation, as shown by his failure to take testimony or to send an attorney to Texas to cross-examine petitioner's witnesses, hence the order for suspension of the proceedings, first entered by the examiner of interferences, should have been continued in force, as required by the order of the U.S. District Court, and in the absence of any showing to the contrary."

There is nothing in the record to show that the trustee in bankruptcy was handicapped in defending against appellee's application for cancellation, other than a statement in a letter to the Commissioner of Patents by the attorney for the trustee in bankruptcy to the effect that the trustee would be seriously embarrassed by having to employ an attorney in Texas for the purpose of representing him at the taking of testimony there.

There is no proof in the record that the bankrupt did not possess sufficient assets to enable the attorney for the trustee to properly defend against appellee's petition for cancellation. There being nothing in the record to support said eighth reason of appeal, it is unnecessary for us to further consider it.

One other matter remains for consideration. Attached to appellant's supplemental brief is a certified copy of a disclaimer by McKesson & Robbins of the use of its mark upon all products named in its registration certificate other than "Hair and Scalp Preparations," and said disclaimer asks that the registration be cancelled as to all other products named therein "so that it will cover only the product on which it is now used, as aforesaid, Hair and Scalp Preparations." This disclaimer was filed April 30, 1942, which was a few days before this appeal was argued before us.

 We know of no law or rule of the Patent Office authorizing disclaimers in trade-mark proceedings before the Patent Office after a registration has been issued; but, however this may be, we have no jurisdiction to consider it.

This alleged disclaimer is no part of the record certified to us on appeal, and under the provisions of section 4914 R. S., 35 U.S.C. section 62, 35 U.S.C.A. § 62, our jurisdiction is limited to a consideration of the evidence produced before the commissioner, and our decision must be confined to the points set forth in the reasons of appeal.

We have many times decided that issues raised for the first time in this court and not considered by the Patent Office tribunals, and not raised by the reasons of appeal, will not be considered by us. Illustrative of such decisions are the cases of In re Peiler, 20 C.C.P.A., Patents, 1059, 64 F.2d 984, and In re Lawson, 22 C.C.P.A., Patents, 1016, 75 F.2d 633.

For the reasons stated herein, the decision appealed from is affirmed.

Affirmed.