35 C.C.P.A.(Patents)

### DAGGETT & RAMSDELL v. SAMUEL BONAT & BRO.

Patent Appeals No. 5401.

Court of Customs and Patent Appeals. Feb. 10, 1948.

Thomas L. Mead, Jr., of Washington, D. C., for appellant.

Maurice S. Cayne, of Chicago, Ill., for appellee.

Before GARRETT, Presiding Judge, and HATFIELD and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in a trade-mark opposition proceeding, under the Trade-Mark Act of February 20, 1905, 15 U.S.C.A. § 81 et seq., from the decision of the Commissioner of Patents, 70 U.S.P.Q. 364, reversing the decision of the Examiner of Interferences sustaining appellant's notice of opposition to the registration of appellee's trade-mark, the dominant feature of which is "Harol". The term "Bonat" was included in the application but was disclaimed apart from the mark as shown.

In its application for registration, appellee stated that it had used its mark on its goods, comprising hair shampoo and hair shampoo liquid cream lotions, since October 15, 1943.

It appears from the record that appellant is the owner of the trade-mark "HA-KOL," registration No. 105,156, registered July 6, 1915, for use on a preparation for "relief of headache, neuralgia, and similar pains resulting from exposure, exhaustion, fatigue, worry, anxiety, insomnia, mental strain, nervous depression, car-sickness, or sea-sickness, * * *" and registration of the same mark "HA-KOL," registration No. 329,669, registered November 5, 1935, for the same purposes as those mentioned in the foregoing registration.

It further appears from the record that appellant's preparation is composed of 8.3 per centum of orange oil and menthol, a trace of tartrazine color, and specially denatured alcohol; that appellant's product is advertised in department stores by so-called "demonstrators" who explain its purpose and manner of use, and that it has not been advertised for the last several years in any other way; that it is used by applying it as a counterirritant behind the head and ears for relief of headache. It is never applied to the hair. It is not a shampoo for cleansing or conditioning the hair. On the contrary, it is used and advertised for use in a manner hereinbefore stated as a medicinal preparation. It is demonstrated and sold in the toilet-goods and cosmetic section of department stores, and in some drug stores.

Appellee's shampoo and hair conditioner is composed of a soap base, sulphonated oil, and water, and is sold to jobbers throughout the United States who resell to "beauty parlors" in which its product is used to clean and condition the hair and scalp for the permanent waving process which follows. Approximately 95 per centum of the sales are made in gallon containers, and 5 per centum in quart containers. It is not a medicinal preparation.

It is true, as orally argued by counsel for appellant, that appellee's goods might have been sold in stores, in addition to jobbers and "beauty parlors."

It is obvious from the record that if the marks of the parties were used on goods of the same descriptive properties, their concurrent use would be likely to cause confusion in the trade and commerce of the United States and deceive purchasers. However, we are of opinion, as was the Commissioner of Patents, that the goods of the parties do not possess the same descriptive properties. Appellant's "HA-KOL" is a medicinal preparation, whereas appellee's "Harol" is, rather, a cosmetic and has no medicinal properties.

In the case of Pratt & Lambert, Inc., v. Chapman & Rodgers, Inc., 136 F.2d 909, 910, 30 C.C.P.A., Patents, 1228, we held that insecticides did not possess the same descriptive properties as "Varnishes, Paint Enamels, Dry, Ready-Mixed and Paste Paints, Lacquers, Stains, Fillers, Primers, Surfacers, Putties, Undercoatings, Dryers, Thinners, and Removers."

In that case we referred to our decision in the case of Williams Oil-O-Matic Heating Corp. v. Westinghouse Electric & Mfg. Co., 62 F.2d 378, 20 C.C.P.A., Patents, 775, as follows: "* * * thermostatically controlled fuel burning devices and electric refrigerating units, on the one hand, and thermostatically controlled electric sadirons or flatirons, on the other, although electrically operated, did not possess the same descriptive properties."

We have given careful consideration to the arguments of counsel for appellant but are of opinion that the goods of the parties do not possess the same descriptive properties within the purview of section 5 of the Trade-Mark Act of February 20, 1905, and that confusion in trade would not be likely to result from the concurrent use of the respective marks of the parties on their goods. Accordingly, the decision of the Commissioner of Patents is affirmed.

Affirmed.

By reason of illness, O'CONNELL, Judge, was not present at the argument of this case and did not participate in the decision.