278

**Application of McKESSON & ROBBINS, Inc.**

**Patent Appeals No. 5522.**

United States Court of Customs and Patent Appeals.

March 1, 1949.

H. C. Dieserud, of New York City, for appellant.

W. W. Cochran, of Washington, D. C. (Walter J. Derenberg, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and HATFIELD, JACKSON, O'CONNELL, and JOHNSON, Judges.

HATFIELD, Judge.

This is an appeal from the decision of the Commissioner of Patents (speaking through the late Honorable Leslie Frazer, First Assistant Commissioner), 73 USPQ 206, affirming the decision of the Examiner of Trade-Marks denying appellant's application for the registration of a trade-mark under the Trade-Mark Act of February 20, 1905, 33 Stat. 724.

The trade-mark in question is for use on "A Perfumed Toilet Preparation for the purpose of cleansing the Scalp and Hair, imparting a Lustre to the Hair and keeping it well groomed and in place." The trade-mark comprises the word "Brace" on a black background and enclosed in a white oblong border, together with the head of a man and the words "A toilet preparation for the scalp and hair," and the name "McKesson & Robbins, Incorporated." The words, "A toilet preparation for the scalp and hair," together with the name "McKesson & Robbins, Incorporated," is disclaimed apart from the mark as shown.

The specimen included in the record and filed with the application contains a statement that the toilet preparation is "A pleasant to use toilet preparation as an aid in the care of the scalp and hair. Massaging of the scalp with Brace helps keep the scalp clean and lubricated and dresses the hair, imparting a lustrous brilliance. As a dressing, apply sparingly to the wet or dry hair. As a scalp massage, apply liberally direct to the scalp."

It appears from the record that the involved trade-mark was passed for publication and published in the Official Gazette on April 27, 1943, in which, as it is customary, the Commissioner of Patents stated that any person who believed that he would be damaged by the registration of appellant's mark might oppose the same by filing a notice of opposition. Prior thereto, the Leonard James Company, owner of the registration "Bracine," for use on an "Antiseptic Liniment and Veterinary Liniment Preparation," which company had been successful in the cancellation proceeding brought against appellant, McKesson & Robbins, Inc., v. Leonard James Co., 129 F.

2d 563, 564, 29 C.C.P.A., Patents, 1137, hereinafter more particularly referred to, filed with the Commissioner of Patents a letter in which it was stated that in its opinion there would be no confusing similarity between appellant's trade-mark "Brace" for use on a preparation for the hair and scalp, and appellee's registered trade-mark "Bracine"; that the goods of the parties did not possess the same descriptive properties; and that it, therefore, consented to the registration of appellant's trade-mark.

In the cancellation proceeding hereinbefore referred to, the Leonard James Company claimed that its mark "Bracine," registered March 27, 1934, registration No. 311,576, for an "Antiseptic Liniment and Veterinary Liniment Preparation," was confusingly similar to the trade-mark "Brace" of McKesson & Robbins, Incorporated, registered June 14, 1938, registration No. 357,713, for use on a variety of articles; to wit, "tooth paste, hair and scalp preparations, powders and talcs for the face and skin, lotions for the skin and face, sunburn lotions and preparations, including antiseptic oils for sunburn." We there affirmed the Commissioner of Patents, holding that " * * * in part at least, the goods named in appellant's registration are of the same descriptive properties as those to which appellee's mark is applied. That 'antiseptic oils for sunburn,' for example, one of the products named in appellant's certificate of registration, are of the same descriptive properties as a liniment for human use, * * *" and that the trade-marks of the parties were confusingly similar.

In the cancellation proceeding the First Assistant Commissioner of Patents stated that "the goods to which these marks are respectively applied, in part at least, possess the same descriptive properties within the meaning of the statute. Clearly this is true, for example, as to respondent's 'antiseptic oils for sunburn' and petitioner's 'antiseptic liniment' for human use." The First Assistant Commissioner further stated in his decision in that case that " * * * *the fact that respondent's registration may include additional items, of different descriptive properties, has no bearing on the issue here presented.*" (Italics ours.)

It is evident that neither the First Assistant Commissioner of Patents nor this court held that McKesson & Robbins' goods, " * * * hair and scalp preparations * * *" and the Leonard James Company's "Antiseptic Liniment and Veterinary Liniment Preparation" possessed the same descriptive properties, nor was it held that the trade-marks of the parties as to such goods were confusingly similar. The First Assistant Commissioner properly held, as did this court, that one of the items included in the McKesson & Robbins' registration, that is, antiseptic oils for sunburn, possessed the same descriptive properties as the Leonard James Company's liniment for human use, and that the trademarks of the parties, as applied to those items, were confusingly similar.

It will be observed, furthermore, that "Hair and scalp Preparations," involved, among other things, in the cancellation proceeding, is much broader in its terminology and might include preparations not covered by a "Perfumed Toilet Preparation for the purpose of cleansing the Scalp and Hair, imparting a Lustre to the Hair and keeping it well groomed and in place," involved in the instant case.

Subsequent to our decision in the cancellation proceeding, supra, appellant attempted to disclaim all of the articles contained in his previous registration except the trade-mark "Brace" for hair and scalp preparations. That was the only issue presented by appellant's attempted disclaimer, and the First Assistant Commissioner properly held that he had no authority to permit such a disclaimer. However, in denying appellant's attempted disclaimer, the assistant commissioner further held that appellant's toilet preparation for the scalp and hair, which he referred to as a hair tonic, and the Leonard James Company's liniment for human use, possessed the same descriptive properties and that the marks of the parties were confusingly similar. Leonard James Company v. McKesson & Robbins, Incorporated, 54 U.S.P.Q. 333.

 In view of our decision in the cancellation proceeding, supra, there was nothing left for the First Assistant Commissioner of Patents to do but to reject appel-

lant's disclaimer and to cancel the McKesson & Robbins' registration of its trademark "Brace," although some of the articles covered by that registration might not have possessed the same descriptive properties as antiseptic oils for sunburn, covered by that registration, and the Leonard James Company's liniment for human use. Accordingly, the assistant commissioner in his rejection of McKesson & Robbins' attempted disclaimer had no authority to determine whether the toilet preparation for the scalp and hair, covered by the McKesson & Robbins' registration, possessed the same descriptive properties as the liniment for human use, included in the registration of the Leonard James Company, and that the marks of the parties were confusingly similar. That portion of his decision, therefore, was obiter dictum and is not a proper basis for the decision of the examiner of Trade-Marks and of the First Assistant Commissioner of Patents that the issue here presented is res adjudicata. Furthermore, the issue as to "A Perfumed Toilet Preparation for the purpose of cleansing the Scalp and Hair, imparting a Lustre to the Hair and keeping it well groomed and in place," under consideration in the instant case, was not involved in the cancellation proceeding, and it was not held by this court nor by the First Assistant Commisioner of Patents that hair and scalp preparations involved in the cancellation proceeding possessed the same descriptive properties as liniment for human use or that the marks of the parties as to such goods were confusingly similar. Accordingly, our decision in the cancellation proceeding is not res adjudicata of the issue presented in the instant case. See Last Chance Mining Co. v. Tyler Mining Co., 157 U.S. 683, 687, 15 S.Ct. 733, 39 L.Ed. 859, and Carter Medicine Co. v. Barclay, 36 App.D.C. 123, 128.

The First Assistant Commissioner of Patents held in the instant case that the goods of the parties possessed the same descriptive properties and that their respective marks were confusingly similar. We are not of that opinion.

It clearly appears from the record that appellant's product here involved is merely a toilet preparation and is not advertised or used as a medicinal preparation, whereas, the liniment covered by the Leonard James Company's registration is a medicinal preparation and is advertised and used for its medicinal properties. It may be that in some instances a so-called toilet preparation may contain medicinal properties and might possess the same descriptive properties as a medicinal preparation, but that is not so in the instant case. See Daggett & Ramsdell v. Samuel Bonat & Bro. 166 F.2d 151, 35 C.C.P.A., Patents, 937. We are of opinion, therefore, that appellant's preparation for the scalp and hair, being merely a toilet preparation, does not possess the same descriptive properties as a medicinal preparation and that appellant's mark "Brace," used on its goods, and the registered mark of the Leonard James Company, "Bracine," used on liniment, are not confusingly similar.

For the reasons stated, the decision is reversed.

Reversed.