**In re Jay C. SHENBERG,
Bankrupt-Appellee.**

**Patricia A. SHENBERG,
Bankrupt-Appellee,**

**v.**

**VILLAGE OF CARPENTERSVILLE, a
Municipal Corporation,
Defendant-Appellant.**

**Nos. 77 B 1946 and 77 B 1947.**

United States District Court,
N. D. Illinois, E. D.

July 5, 1977.

Jay C. Shenberg and Patricia A. Shenberg (pro se).

Richard W. Husted, Elgin, Ill., for defendant-appellant.

## MEMORANDUM

LEIGHTON, District Judge.

This appeal is by a creditor who seeks review of an order entered in separate bankruptcy proceedings filed by a husband and wife. The issue presented is whether a municipality can be restrained from withholding or refusing water service to bankrupts who fail to pay water bills that became due after the bankruptcy petitions were filed. This court holds that the municipality cannot be so restrained; that the bankruptcy judge erred in entering the order from which the appeal is taken; therefore, the cause is reversed and remanded for further proceedings consistent with the views expressed in this memorandum.

### I.

Jay and Patricia Shenberg, husband and wife filed separate bankruptcy petitions in which each scheduled the Village of Carpentersville as a creditor to whom they owed $289.00 for water and sewer service. On March 21, 1977, they petitioned the bankruptcy court for a preliminary injunction to restrain the village from cutting off their supply of water and denying them immediate and future services ". . . for non-payment of bills up to the filing of the petitions in bankruptcy. . . ." Their motion was granted, the court finding that a stay of actions against the bankrupts and their property had been entered as provided in Bankruptcy Rules 401 and 601. The order decreed ". . . that the Village of Carpentersville, Department of Water be, and it is restrained from withholding or refusing water service to Jay C. Shenberg and Patricia A. Shenberg, bankrupts herein residing at 2008 Berkshire, Carpentersville, until further order of court." As can be seen, the injunction was not limited to the denial of services for non-payment of bills the Shenbergs owed up to the filing of the petitions in bankruptcy. This fact becomes important because at the time of the injunction, the municipal code of the Village of Carpentersville provided that

In the event of customer shall not pay any past water bill of sewer use charge bill within 105 days after the same is rendered, it shall be the duty of the proper officers of the Village to shut off the water supply to such customer until such time as all past due bills for water and sewer service are fully paid, together with a service charge of Five Dollars ($5.00) for the restoration of water service.

The decision of the village to terminate water service to the Shenbergs was not to collect the $289.00 debt that had been scheduled in the bankruptcy petitions; it was to enforce the provisions of its municipal code and compel payment of water bills that became due after the petitions were filed. In this appeal, the village contends that while it could not, by shutting off water service to the Shenbergs, compel payment of the scheduled debt, it cannot be restrained from withholding or refusing water service for non-payment of bills that became due after beginning of bankruptcy proceedings because to do so would require it to violate the ordinance that regulates its proprietary functions. The village argues that the order entered by the bankruptcy court was not a stay order; it was a mandatory injunction that requires it to continue furnishing water and sewer services to the bankrupts in violation of its municipal code.

These points are argued by the village in a brief filed in compliance with Rule 808, Bankruptcy Rules. The Shenbergs have not answered. Instead, Patricia Shenberg appeared before this court, pro se, and stated that she and her husband had moved from the Village of Carpentersville; and consequently, they had no desire to contest this appeal. It appears, then, that it may no longer be necessary to enforce the injunction order. However, because similar questions may arise again, this court will explicate its resolution of the issue presented by this appeal.

### II.

Section 11(a) of the Bankruptcy Act, 11 U.S.C. § 29(a), provides that a suit

which is founded on a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition by or against him, shall be stayed until adjudication or dismissal of the bankruptcy proceedings. If such person is adjudged a bankrupt, actions against him may be further stayed until the question of his discharge is determined by the court after a hearing, or by his filing a waiver of, or having lost, his right to a discharge, or, in the case of a corporation, by its failure to file an application for discharge within the time prescribed under the Act. 9 Am. Jur.2d Bankruptcy § 301. A stay under the Act is like a provisional or temporary discharge. *In re Torgovnick,* 49 F.2d 211 (2d Cir. 1931). Only where a discharge in bankruptcy would be a release from the claim on which a suit has been, or may be brought, is a stay authorized under the statutory provisions. *McKesson & Robbins v. Leonard James Co.,* 129 F.2d 563, 29 CCPA 1137 (1942); *In re Alvino,* 111 F.2d 642 (2d Cir. 1940). For this reason, it is the province, in fact the duty, of the court, upon application to it for the stay of an action against the bankrupt, to determine whether the claim in suit, or one which may be the subject of a suit, is a dischargeable debt. *In re Metz,* 6 F.2d 962 (2d Cir. 1925); 9 Am.Jur.2d Bankruptcy § 302. As a general rule, debts coming into existence after the filing of a petition in bankruptcy are not affected by a discharge; hence, they cannot justify a stay of proceedings against the bankrupt. *Ingels v. Boteler,* 100 F.2d 915 (9th Cir. 1938), affd. 308 U.S. 57, 60 S.Ct. 29, 84 L.Ed. 78; *United States v. Robison,* 276 F.Supp. 140 (D.C.Ill.1967); *McKesson & Robbins v. Leonard James Co.,* 129 F.2d 563, 29 CCPA 1137 (1942). It is generally said that a suit which contemplates some relief other than the collection of a scheduled debt is not to be stayed, as its prosecution would not ordinarily interfere with the bankruptcy proceedings. *In re United Wireless Telegraph Co.,* 192 F. 238 (3d Cir. 1911). And if a stay is improvidently granted, it will be vacated. *In re Herzberg,* 25 F. 699 (2d Cir. 1885).

■ In the case before the court, the Village of Carpentersville did not seek to compel payment of the scheduled debt by threatening the bankrupts with a cut off of water service. These are wage earner bankruptcy proceedings; the services of the village to the Shenbergs were of no conceivable benefit to the bankruptcy estates; no enforceable contract which could be anticipatorily breached existed between the parties at the time petitions were filed; nor was this a case of service rendered on an open account so as to give rise to a provable claim or debt. *Manufacturer's Trading Corporation v. Roberts,* 138 F.2d 806 (5th Cir. 1943); 11 U.S.C. § 103(a)(4), (b).

Under Illinois law, the village, a municipality rendering service in a proprietary capacity, had the right to discontinue service for non-payment of current bills. *Koontz v. Public Service Co. of Northern Illinois,* 328 Ill.App. 587, 66 N.E.2d 490 (1946). The decretal portion of the injunction order did not distinguish between collection of the scheduled debt and cut off of service to compel payment of water bills that became due after the bankruptcy petitions were filed. Therefore, under the circumstances, the injunction order was improper. It stayed an action that did not involve a dischargeable debt; it compelled a municipality to violate an ordinance that expressed a public policy against continued service to delinquent customers. On remand of this cause, the bankruptcy judge should reconsider, amend or vacate the order in its entirety, as evidence may require. *In re Mountjoy* (W.D.Mo.1973), 368 F.Supp. 1087.

So ordered.